**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PAXAR AMERICAS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZEBRA TECHNOLOGIES CORPORATION, ZIH CORPORATION, and ZEBRA TECHNOLOGIES INTERNATIONAL, LLC,<br><br>Defendants. | ) | Case No. C-3-03-142<br><br>Hon. Walter Herbert Rice |

**Zebra's Motion To Strike Paxar's Withheld Material, Or, In The Alternative,**
**For Leave To File A Brief In Response To Paxar's New Argument And Exhibit**

Defendants Zebra Technologies Corporation, ZIH Corp., and Zebra Technologies International, LLC (collectively "Zebra") request that the Court strike from Paxar's post-hearing brief Paxar's previously withheld Exhibit 20 and argument concerning what Paxar calls "Flash EPROM." If the Court is not inclined to strike Paxar's new exhibit and argument, Zebra requests leave to file a brief addressing Paxar's latest change in position.

During the July 15, 2004 Markman hearing, the Court invited each party to file post-hearing briefs only to address new arguments that the opposing party made during the hearing. Paxar instead has used its post-hearing brief to proffer yet another new definition of EPROM, one that directly contradicts the EPROM definition Paxar advocated in its previous briefs and during the Markman hearing. Specifically, Paxar seeks to introduce an exhibit that was not part of the record, and Paxar relies on that exhibit as the *only* support for its new argument that EPROM includes Flash memory

and, therefore, can be erased without using ultraviolet light. Enough is enough. The Court should reject Paxar's late attempt fundamentally to recast its argument about EPROM.

Paxar's new exhibit and argument do not address any new arguments made by Zebra at the hearing. The parties each fully briefed the definition of EPROM in their initial Markman briefs, and Zebra's position regarding EPROM remains unchanged. Paxar previously submitted a fifty-one page opening brief on claim construction with a sixty-nine page appendix and then submitted a thirty-two page reply brief. Nowhere among those one hundred and fifty-two pages of argument or in the five-hour Markman hearing did Paxar provide its new Exhibit 20 or contend that EPROM includes Flash and can be erased other than by exposure to ultraviolet light. To the contrary, Paxar argued that EPROM was *only erasable by exposure to ultraviolet light*.

Had Paxar disclosed its new definition of EPROM, Zebra would have exposed Paxar's argument as misleading and unfounded. Therefore, Zebra asks the Court to strike from Paxar's post-hearing brief Paxar's new exhibit and argument concerning something Paxar calls "Flash EPROM." If the Court is not inclined to strike Paxar's new exhibit and argument, Zebra requests leave to file a brief addressing Paxar's latest change in position.

## I. The Parties' Positions On EPROM Already Have Been Well-Established.

In Paxar's post-hearing brief, it argues for the first time that there is a type of EPROM – Flash memory – that can be erased without using ultraviolet light. Paxar then tries to leverage this new theory into an argument that EPROM can be reprogrammed in-circuit by a computer's microprocessor. This new argument by Paxar, however, completely contradicts Paxar's previously-stated position regarding EPROM. Prior to the

Markman hearing, the parties fully briefed their positions as to how EPROM, in the context of the patents in suit, should be defined, and agreed that an EPROM is a memory chip that, among other things, can only be reprogrammed by first exposing the chip to ultraviolet light to erase its contents.

For example, in Paxar's initial Markman brief, Paxar correctly acknowledged that EPROM is a type of read-only memory that can only be reprogrammed after its contents were erased by exposing the memory chip to ultra-violet light:

> When EPROM is placed under a special ultraviolet light for a given period of time, the short wave radiation discharges the internal gates that serve as fuses. After erasure, the EPROM returns to its initial state and can be reprogrammed to a new set of words.

Paxar's Initial Markman Brief at 21 (quoting Mano's *Computer Engineering*). In Zebra's Markman brief, Zebra agreed that the contents of an EPROM cannot be changed until the chip was erased by exposure to ultraviolet light, at which point EPROM could be reprogrammed using a PROM programmer. Zebra's Initial Markman Brief at 18, 23, 31.

In Paxar's reply to Zebra's Markman brief, Paxar reiterated that EPROM was only erasable by prolonged exposure to ultra-violet light. Indeed, Paxar declared that an "EPROM differs from an EEPROM in how it is eased. . . . *An EPROM is erased by 'ultraviolet light'* and an EEPROM is 'electrically erased."[1] Paxar's Reply Brief at 5, n.5 (emphasis added); Paxar's Exhibit 12 at 195, 199, 200; Exhibit 13 at 194-95; Exhibit 14 at 168).

---

[1] In Paxar's reply brief, it argued for the first time that that EPROM could be reprogrammed in-circuit by a microprocessor in the host computer. Paxar's Reply Brief at 5. Zebra identified in its Sur-Reply the many reasons why Paxar's claim concerning the in-circuit programmability of EPROM is incorrect. Zebra's Sur-Reply at 6-8. Nowhere in Paxar's reply brief did Paxar argue that EPROM was programmable in-circuit because Flash was a type of EPROM or because EPROM could be erased other than by exposure to ultraviolet light.

The parties' positions regarding EPROM did not change at the Markman hearing: Zebra reiterated that EPROM was a memory chip that, among other things, could only be erased through exposure to ultraviolet light, and Paxar again did not dispute this fact. Indeed, Paxar cited to its exhibits confirming that EPROM was only erasable by exposure to ultraviolet light. (Exhibit BB, Markman Hearing transcript excerpts, at 32, 35, 74-75, 81-82, 91-92, 109-10).

## II. Paxar's Post-Hearing Brief Presents A New And Previously Undisclosed EPROM Definition Based on Flash Memory.

In its post-hearing brief, Paxar ignores its previous statements about EPROM and argues for the first time that EPROM can be erased electronically without the need for ultraviolet light. Therefore, according to Paxar, EPROM can be reprogrammed in-circuit by a computer's microprocessor, just like EEPROM. Paxar's new argument contradicts both its earlier position that EPROM is erasable only by ultraviolet light and its argument to the Court that the difference between EPROM and EEPROM is that "[a]*n EPROM is erased by 'ultraviolet light'* and an EEPROM is 'electrically erased." Paxar's Reply Brief at 5, n.5 (emphasis added).

Paxar's new theory concerning EPROM's erasability relies entirely on a previously uncited page from the SGS-Thomson Microelectronics Databook. (See Exhibit 20 to Paxar's Post-Markman Brief). In fact, however, this new exhibit (which is neither a treatise or dictionary) identifies *four separate* families of memory chips: Masked ROMs, EPROMs, Flash EPROMs, and Serial Access EEPROMs, thus completely contradicting Paxar's argument that Flash EPROM is a subset of EPROM. (See id.) The Databook distinguishes the EPROM family, which "can be erased by exposure to ultraviolet light," from "EEPROM" and "Flash EPROM" chips that can be

erased and programmed in-circuit by a computer's microprocessor. Thus, the Databook establishes that Flash EPROM is fundamentally different from EPROM, which cannot be reprogrammed in-circuit, as Zebra has stated from the outset. (Paxar's Exhibit 20 at 5). This is consistent with all of the treatises and dictionaries of record, which define EPROM as a chip that must be exposed to ultraviolet light in order to erase it and then reprogrammed using a PROM programmer. (Zebra's Exhibit L at 205; Exhibit M at 263; Exhibit N at 94. Paxar's Exhibit 12 at 195, 199, 200; Exhibit 13 at 194-95; Exhibit 14 at 168).

## III. The Court Should Strike Paxar's New, Previously Undisclosed Exhibit and Argument.

Paxar's argument that there is a type of EPROM (Flash memory) that can be erased electronically rather than by exposure to ultra-violet light is an attempt to depart from the ordinary meaning of EPROM and to conflate EPROM with Flash memory and EEPROM. If given the opportunity by the Court, Zebra will cite to and explain several treatises and dictionaries that refute Paxar's newest argument and definition of EPROM. See, e.g., Exhibits Z-AA (establishing that Flash memory is *not* EPROM); Exhibit L at 205; Exhibit M at 263; Exhibit N at 94 (establishing that EPROM is erasable only by removing it from the computer to expose it to ultra-violet light and programmed using a PROM programmer).

Paxar's strategy of withholding its new claim about EPROM until Zebra is without an opportunity to debunk Paxar's erroneous and unsupported argument is a tactic that courts have condemned. See Books A Million, Inc. v. H&N Enter., Inc., 140 F.Supp.2d 846, 851 (S.D. Ohio 2001) (Rice, J.); see also, Aetna Cas. and Sur. Co. v. Leahey Constr. Co., 219 F.3d 519, 545 (6th Cir. 2000). Accordingly, Zebra requests that

the Court strike from Paxar's post-hearing brief Paxar's new Exhibit 20 and argument concerning what Paxar calls "Flash EPROM." If the Court is not inclined to strike Paxar's previously undisclosed exhibit and argument, Zebra requests leave to file a brief addressing Paxar's latest change in position.

Respectfully submitted,

Date: August 16, 2004

s/ Lawrence E. Barbiere

Lawrence E. Barbiere
Schroeder, Maundrell, Barbiere & Powers
11935 Mason Road
Cincinnati, OH 45249
(513) 583-4200

Douglas J. Kline
Richard Myrus
William A. Meunier
Brian M. Gaff
Testa, Hurwitz & Thibeault LLP
125 High Street
Boston, Massachusetts 02110
(617) 248-7000

Attorneys for Defendants Zebra Technologies Corporation, ZIH Corp., and Zebra Technologies International, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2004, the foregoing **Zebra's Motion To Strike Paxar's Withheld Material, Or, In The Alternative, For Leave To File A Brief In Response To Paxar's New Argument And Exhibit** was electronically filed with the Clerk of the Court using the CM/ECFF system, which will electronically serve the foregoing motion to the following: David C. Greer, Esq. and Michael W. Krumholtz, Green & Landis, and Jean D. Kuelper, Esq. and Steven J. Hampton, Esq., McAndrews, Held and Malloy, attorneys for plaintiff.

s/Lawrence E. Barbiere
Lawrence E. Barbiere

3106778_1