IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAXAR AMERICAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. C-3-03-142 |
| | ) | |
| v. | ) | Judge Walter H. Rice |
| | ) | Magistrate Judge Michael R. Merz |
| ZEBRA TECHNOLOGIES | ) | |
| CORPORATION, ZIH CORPORATION, | ) | |
| and ZEBRA TECHNOLOGIES | ) | |
| INTERNATIONAL, LLC, | ) | **JURY TRIAL DEMANDED** |
| | | |
| Defendants. | | |

## FIRST AMENDED COMPLAINT

Plaintiff, Paxar Americas, Inc. ("Paxar"), for its First Amended Complaint for patent infringement and trademark infringement against Defendants, Zebra Technologies Corporation, ZIH Corporation, and Zebra Technologies International, LLC (collectively "Zebra"), alleges as follows:

## BACKGROUND

1.     Paxar Americas, Inc., known for many years as Monarch Marking Systems, Inc., has long been an innovator in bar code printing. Paxar's innovations have resulted in awards of more than 125 patents by the United States Patent and Trademark Office. Paxar's competitors have recognized the scope and value of Paxar's innovations by licensing rights to practice Paxar's patented technology.

2.     John Paxton, Paxar's president in 1996, authorized claims against Comtec Information Systems, Inc. ("Comtec") for infringement of ten United States Patents owned by Paxar[1] including United States Patent Nos. 5,483,624 (the"'624 patent") and 5,594,838 (the "'838

---

[1] At that time, Paxar was known as Monarch Marking Systems, Inc.

patent"). Mr. Paxton was familiar with Paxar's patented technology and the scope of Paxar's asserted patents. He was actively involved in Paxar's negotiations with Comtec which resulted in Comtec's agreement that it had infringed, was liable for contributory infringement, and for induced infringement of seven of those patents including the '624 and '838 patents. Comtec also agreed that all ten asserted patents were valid and enforceable. Comtec agreed to pay a royalty of 10 percent for use of the '624 and '838 patents.

3.     Defendant Zebra Technologies Corporation purchased Comtec Information Systems, Inc. in April 2000. In September 2001, Zebra Technologies Corporation refused to be bound by the settlement agreement between Comtec and Paxar.

4.     In February 2002, John Paxton, Paxar's former president, became Defendant Zebra Technologies Corporation's President of its Barcode Business Unit. Since Mr. Paxton joined Zebra Technologies Corporation, Zebra has sold and continues to offer for sale and sell products that infringe Paxar's patents as set out herein. Upon information and belief, despite Zebra's and John Paxton's knowledge of Paxar's patents, Zebra has deliberately disregarded and continues to deliberately disregard Paxar's patent rights by willfully infringing Paxar's patents.

## THE PARTIES

5.     Plaintiff Paxar Americas, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business in Miamisburg, Ohio.

6.     Upon information and belief, Defendant Zebra Technologies Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061.

7.     Upon information and belief, Defendant Zebra Technologies Corporation is regularly transacting and continues to transact business nationally and within this judicial

-2-

district. Upon information and belief, Zebra Technologies Corporation makes, sells, offers to sell and/or distributes label printers including but not limited to Xi series, Xi II series, Xi III series, Xi III Plus series, PAX 3 series, Z4M, Z4M PLUS, Z6M, Z6M PLUS, TR 220, QL 220, QL 320, QL 420, PA 400, PT 400, PA 403 and PT403 and makes, sells, offers to sell and/or distributes a wireless communication device for communicating between handheld computers and printers under the name "Zebra Portable Radio" within this judicial district.

8.     Upon information and belief, Defendant Zebra Technologies International, LLC is limited liability company organized and existing under the laws of the State of Illinois, having a principal place of business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061. Zebra Technologies International, LLC is a wholly owned subsidiary of Zebra Technologies Corporation.

9.     Upon information and belief, Defendant Zebra Technologies International, LLC is regularly transacting and continues to transact business nationally and within this judicial district. Upon information and belief, Zebra Technologies International, LLC makes, sells, offers to sell and/or distributes label printers including Xi series, Xi II series, Xi III series, Xi III Plus series, PAX 3 series, Z4M, Z4M PLUS, Z6M, Z6M PLUS, TR 220, QL 220, QL 320, QL 420, PA 400, PT 400, PA 403 and PT403 and makes, sells, offers to sell and/or distributes a wireless communication device for communicating between handheld computers and printers under the name "Zebra Portable Radio" within this judicial district.

10.     Upon information and belief, Defendant ZIH Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 333 Corporate Woods Parkway, Vernon Hills, Illinois 60061. ZIH is a wholly owned subsidiary of Zebra Technologies Corporation.

11.     Upon information and belief, Defendant ZIH Corporation is regularly transacting and continues to transact business nationally and within this judicial district. Upon information and belief, ZIH Corporation makes, sells, offers to sell and/or distributes label printers including Xi series, Xi II series, Xi III series, Xi III Plus series, PAX 3 series, Z4M, Z4M PLUS, Z6M, Z6M PLUS, TR 220, QL 220, QL 320, QL 420, PA 400, PT 400, PA 403 and PT403 and makes, sells, offers to sell and/or distributes a wireless communication device for communicating between handheld computers and printers under the name "Zebra Portable Radio" within this judicial district.

## JURISDICTION AND VENUE

12.     This action arises under the Patent Laws of the United States, 35 U.S.C. §§271, 281-285 and under the Trademark Laws of the United States, 15 U.S.C. 1051-1127.

13.     This Court has jurisdiction over the subject matter of these patent infringement claims under 28 U.S.C. §§1331 and 1338(a) and over the subject matter of these trademark-based claims under 15 U.S.C. 1121 and 28 U.S.C. 1338(a).

14.     Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and (c) and 1400(b).

## CLAIM I
## INFRINGEMENT OF U.S. PATENT NO. 5,483,624

15.     On January 9, 1996, United States Patent No. 5,483,624, a copy of which is attached hereto as Exhibit A, was duly and legally issued in the name of Amy S. Christopher, Donald A. Morrison, Mark W. Roth and Rex D. Watkins. Plaintiff Paxar is the owner, by assignment, of the '624 patent, with the right to bring actions for infringement.

16.     Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '624 patent as being patented with the number of the '624 patent.

17.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 by making, using, selling, and/or offering for sale label printers covered by that patent including but not limited to printers with ZBI (Zebra Basic Interpreter) without authority or license from Plaintiff Paxar. These printers include but are not limited to Xi series, Xi II series, Xi III series, Xi III Plus series, PA 403, PT 403, PAX 3 series, Z4M, Z4M PLUS, Z6M and Z6M PLUS. Upon information and belief, Defendants will continue to infringe the '624 patent unless enjoined by this Court.

18.    Defendants are liable as contributory infringers of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers, including printers with ZBI including but not limited to Xi series, Xi II series, Xi III series, Xi III Plus series, PA 403, PT 403, PAX 3 series, Z4M, Z4M PLUS, Z6M and Z6M PLUS, knowing that those printers comprise a material part of the invention of the '624 patent and that those printers are especially made or especially adapted for use in an infringement of the '624 patent and are not a staple article of commerce suitable for substantial noninfringing use.

19.    Defendants are also liable as contributory infringers of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers, including printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing", knowing that those printers comprise a material part of the invention of the '624 patent and that those printers are especially made or especially adapted for use in an infringement of the '624 patent and are not a staple article of commerce suitable for

substantial noninfringing use. Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '624 patent unless enjoined by this Court.

20.     Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '624 patent by making and selling the printers with ZBI knowing of, instructing, and encouraging use of those printers in a way that infringes the '624 patent.

21.     Defendants are also liable for inducement of infringement of one or more claims of Plaintiff Paxar's '624 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '624 patent by making and selling the TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" knowing of, instructing, and encouraging use of that printer in combination with handheld devices in a combination that infringes the '624 patent. Upon information and belief, Defendants will continue to induce infringement of the '624 patent unless enjoined by this Court.

22.     Plaintiff Paxar has been damaged by Defendants' infringement, acts of contributory infringement, and inducement of infringement of the '624 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement, acts of contributory infringement, and inducement of infringement of Paxar's '624 patent.

23.     Plaintiff Paxar has no adequate remedy at law for Defendants' infringement, contributory infringement, or inducement of infringement of the '624 patent.

24.     Upon information and belief, Defendants' infringement of the '624 patent, Defendants' acts of contributory infringement of the '624 patent, and Defendants' inducement of infringement of the '624 patent have been deliberate and willful, and with knowledge of Plaintiff

Paxar's '624 patent, entitling Plaintiff Paxar to an assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. § 285.

**CLAIM II**
**INFRINGEMENT OF U.S. PATENT NO. 5,594,838**

25.     Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

26.     On January 14, 1997, United States Patent No. 5,594,838, a copy of which is attached hereto as Exhibit B, was duly and legally issued in the name of Amy S. Christopher, Donald A. Morrison, Mark W. Roth, Rex D. Watkins, Dale E. Lamprecht Jr. and James E. Globig. Plaintiff Paxar is the owner, by assignment, of the '838 patent, with the right to bring actions for infringement.

27.     Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '838 patent as being patented with the number of the '838 patent.

28.     Defendants are liable as contributory infringers of one or more claims of Plaintiff Paxar's '838 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers including but not limited to printers designated TR 220 "Integrated, Scan and Print Mobile Printer" "for one-handed scanning and printing," knowing that those printers comprise a material part of the invention of the '838 patent and that those printers are especially made or especially adapted for use in an infringement of the '838 patent and are not a staple article of commerce suitable for substantial noninfringing use. Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '838 patent unless enjoined by this Court.

-7-

29. Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '838 patent under 35 U.S.C. §271 for aiding and abetting infringement of the '838 patent by making and selling printers knowing of, instructing, and encouraging use of those printers in combination with handheld devices in a combination that infringes the '838 patent. Upon information and belief, Defendants will continue to induce infringement of the '838 patent unless enjoined by this Court.

30. Plaintiff Paxar has been damaged by Defendants' acts of contributory infringement and inducement of infringement of the '838 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their acts of contributory infringement and inducement of infringement of Paxar's '838 patent.

31. Plaintiff Paxar has no adequate remedy at law for Defendants' contributory infringement or inducement of infringement of the '838 patent.

32. Upon information and belief, Defendants' acts of contributory infringement and inducement of infringement of the '838 patent have been deliberate and willful, and with knowledge of Plaintiff Paxar's '838 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM III
## INFRINGEMENT OF U.S. PATENT NO. 5,805,779

33. Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

34. On September 8, 1998, United States Patent No. 5,805,779 (the "'779 patent"), a copy of which is attached hereto as Exhibit C, was duly and legally issued in the name of Amy S.

-8-

Christopher, Donald A. Morrison, Mark W. Roth and Rex D. Watkins. Plaintiff Paxar is the owner, by assignment, of the '779 patent, with the right to bring actions for infringement.

35. Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '779 patent as being patented with the number of the '779 patent.

36. Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '779 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers with ZBI (Zebra Basic Interpreter) covered by that patent without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '779 patent unless enjoined by this Court.

37. Plaintiff Paxar has been damaged by Defendants' infringement and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing its infringement of Paxar's '779 patent.

38. Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '779 patent.

39. Upon information and belief, Defendants' infringement of the '779 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '779 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

### CLAIM IV
### INFRINGEMENT OF U.S. PATENT NO. 6,163,538

40. Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

-9-

41.     On December 19, 2000, United States Patent No. 6,163,538 (the "'538 patent"), a copy of which is attached hereto as Exhibit D, was duly and legally issued in the name of John P. Brown, Terry L. Tincher and Donald A. Morrison.  Plaintiff Paxar is the owner, by assignment, of the '538 patent, with the right to bring actions for infringement.

42.     Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '538 patent as being patented with the number of the '538 patent.

43.     Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers and wireless communication devices for handheld computers including but not limited to the QL 220, QL 320, and QL 420 printers and the Zebra Portable Radio that are covered by that patent without authority or license from Plaintiff Paxar.   Upon information and belief, Defendants will continue to infringe the '538 patent unless enjoined by this Court.

44.     Defendants are liable as contributory infringers of one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. §271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers and wireless communication devices, knowing that those printers and wireless communication devices comprise a material part of the invention of the '538 patent and are especially made or especially adapted for use in an infringement of the '538 patent and are not a staple article of commerce suitable for substantial noninfringing use.   Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '538 patent unless enjoined by this Court.

45.     Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '538 patent under 35 U.S.C. §271 for aiding and abetting infringement of the

-10-

'538 patent by making and selling printers and wireless communication devices knowing of, instructing, and encouraging use of those printers and devices in a way that infringes the '538 patent.

46.    Plaintiff Paxar has been damaged by Defendants' infringement, contributory infringement, and inducement of infringement of the '538 and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '538 patent.

47.    Plaintiff Paxar has no adequate remedy at law for Defendants' infringement, contributory infringement, or inducement of infringement of the '538 patent.

48.    Upon information and belief, Defendants' infringement of the '538 patent, Defendants' acts of contributory infringement of the '538 patent, and Defendants' inducement of infringement of the '538 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '538 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

### CLAIM V
### INFRINGEMENT OF U.S. PATENT NO. 6,712,112

49.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

50.    On March 30, 2004, United States Patent No. 6,712,112 (the "'112 patent"), a copy of which is attached hereto as Exhibit E, was duly and legally issued in the name of Brent E. Goodwin, Thomas P. Keller, James A. Makley and Mark W. Moore. Plaintiff Paxar is the owner, by assignment, of the '112 patent, with the right to bring actions for infringement.

51. Defendants are liable as contributory infringers of one or more claims of the '112 patent under 35 U.S.C. § 271 for having sold and/or offered for sale and for continuing to sell and/or offer for sale without authority or license from Plaintiff Paxar, label printers, including but not limited to printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing," knowing that those printers comprise a material part of the invention of the '112 patent and that those printers are especially made or especially adapted for use in an infringement of the '112 patent and are not a staple article of commerce suitable for substantial noninfringing use. Upon information and belief, Defendants will continue to commit acts of contributory infringement of the '112 patent unless enjoined by this Court.

52. Defendants are liable for inducement of infringement of one or more claims of Plaintiff Paxar's '112 patent under 35 U.S.C. § 271 for aiding and abetting infringement of the '112 patent by making and selling printers, knowing of, instructing and encouraging use of that printer in combination with handheld devices in a combination that infringes the '112 patent. Upon information and belief, Defendants will continue to induce infringement of the '112 patent unless enjoined by this Court.

53. Plaintiff Paxar has been damaged by Defendants' contributory infringement and inducement of infringement of the '112 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '112 patent.

54. Plaintiff Paxar has no adequate remedy at law for Defendants' contributory infringement or inducement of infringement of the '112 patent.

55. Upon information and belief, Defendants' acts of contributory infringement of the '112 patent and Defendants' inducement of infringement of the '112 patent has been deliberate

and willful, and with knowledge of Plaintiff Paxar's '112 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM VI
## INFRINGEMENT OF U.S. PATENT NO. 5,833,800

56.    Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

57.    On November 10, 1998, United States Patent No. 5,833,800 (the "'800 patent"), a copy of which is attached hereto as Exhibit F, was duly and legally issued in the name of Brent E. Goodwin, Thomas P. Keller, James A. Makley and Mark W. Moore. Plaintiff Paxar is the owner, by assignment, of the '800 patent, with the right to bring actions for infringement.

58.    Plaintiff Paxar has marked label printers that it has manufactured and sold and that are within the scope of the '800 patent as being patented with the number of the '800 patent.

59.    Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '800 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including but not limited to printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" and printers designated QL 220, QL 320, QL 420, PA 400, PA 403, PT 400, and PT 403 without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '800 patent unless enjoined by this Court.

60.    Plaintiff Paxar has been damaged by Defendants' infringement of the '800 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '800 patent.

-13-

61. Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '800 patent.

62. Upon information and belief, Defendants' infringement of the '800 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '800 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

**CLAIM VII**
**INFRINGEMENT OF U.S. PATENT NO. 6,386,775**

63. Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

64. On May 14, 2002, United States Patent No. 6,386,775 (the "'775 patent"), a copy of which is attached hereto as Exhibit G, was duly and legally issued in the name of Paul H. Hamisch, Jr. and John D. Mistyurik. Plaintiff Paxar is the owner, by assignment, of the '775 patent, with the right to bring actions for infringement.

65. Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '775 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including but not limited to printers designated PA 400, PA 403, PT 400, and PT 403 without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '775 patent unless enjoined by this Court.

66. Plaintiff Paxar has been damaged by Defendants' infringement of the '775 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '775 patent.

67. Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '775 patent.

68. Upon information and belief, Defendants' infringement of the '775 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '775 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM VIII
## INFRINGEMENT OF U.S. PATENT NO. 6,533,476

69. Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

70. On March 18, 2003, United States Patent No. 6,533,476 (the "'476 patent"), a copy of which is attached hereto as Exhibit H, was duly and legally issued in the name of Paul H. Hamisch Jr. and John D. Mistyurik. Plaintiff Paxar is the owner, by assignment, of the '476 patent, with the right to bring actions for infringement.

71. Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '476 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including but not limited to printers designated PT 400 and PT 403 without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '476 patent unless enjoined by this Court.

72. Plaintiff Paxar has been damaged by Defendants' infringement of the '476 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '476 patent.

73.     Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '476 patent.

74.     Upon information and belief, Defendants' infringement of the '476 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '476 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## CLAIM IX
## UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

75.     Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

76.     Paxar and its parent company have for many years been engaged in the manufacture, packaging, advertising, promotion, distribution and marketing of a variety of printers and related products used for printing information on tickets, tags and labels (collectively, "printers and supplies"), all of which are sold under the Paxar name and the house mark "PAXAR."

77.     PAXAR is an original term coined by plaintiff's parent company, Paxar Corporation, that is not known to have any meaning aside from plaintiff and its family of companies. By virtue of over thirteen years of exclusive use, billions of dollars in sales, and the expenditure of substantial sums of money to advertise and promote its printers and supplies under the PAXAR name and mark throughout the United States, including in the State of Ohio, PAXAR has become a famous trademark and represents an invaluable goodwill owned by plaintiff's family of companies.

78.    Paxar Corporation has registered its PAXAR trademark with the United States Patent and Trademark Office, Registration Number 1,797,429, for the following goods:

▶ Class 2: ink for printing machines;

▶ Class 7: printing machines for garment labels and tags;

▶ Class 9: computerized printing machines for printing labels and tags for attachment to garments; computer software for printing machines for formatting variable information on labels and tags;

▶ Class 16: ink rolls for use in printing machines, blank labels and garment tags, printed labels and garment tags; and

▶ Class 24: fabric rolls for use in garment label printing machines.

A print-out of this registration from the PTO Web site is attached hereto as Exhibit J. Said registration is valid, subsisting and owned by Paxar Corporation. In accordance with Section 33 of the Trademark Act of 1946 (as amended), 15 U.S.C. 1115(b), this registration has become "incontestable" and thus constitutes "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." Paxar is licensed by its parent to use the PAXAR mark on and for its entire product line of printers and supplies.

79.    Long after Paxar Corporation's adoption and use of its PAXAR name and mark for printers, Zebra began marketing competitive printers and supplies in interstate commerce under the confusingly-similar mark PAX. Those goods have included ones that are covered by Paxar Corporation's federal trademark registration, such as computerized printers and ink ribbons for those printers.

-17-

80.    Zebra's willful and intentional adoption and use of the PAX trademark in competition with the PAXAR name and mark and was made with full knowledge of Paxar and Paxar Corporation's prior use of and rights in the PAXAR name and mark.

81.    Zebra's use of PAX in interstate commerce in competition with the PAXAR name and mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Zebra with Paxar, or as to the origin, sponsorship or approval of Zebra's goods by Paxar.

82.    One or more of the computerized printing machines that Zebra sells under a PAX mark infringe Paxar's '624 patent, as described more fully above in Claim I of this Complaint. Zebra's willful and intentional adoption and use of a trademark confusing similar to PAXAR are thus part of a course of conduct adopted by Zebra with the intent of passing off their printers and supplies as coming from Paxar or being made with Paxar's sponsorship or approval.

83.    Zebra's use of PAX for goods that compete with Paxar's goods and infringe Paxar's patent rights demonstrates a progressive encroachment on Paxar's intellectual property rights, for the purpose of competing unfairly with Paxar.

84.    Paxar has asked Zebra to cease its use of PAX as a trademark for competitive products, but Zebra has refused.

85.    Zebra's willful and intentional use of the PAX trademark constitutes a false or misleading description or representation and/or a false designation of origin, under the Trademark Laws of the United States, 15 U.S.C. 1125(a).

86.    Zebra's aforesaid acts violate the deceptive trade practices acts of the several states, including the Deceptive Trade Practices Act of the State of Ohio, Ohio Rev. Code Secs. 4165.01-4165.04 (Anderson 2002).

-18-

87. Zebra's aforesaid acts are greatly and irreparably damaging to Paxar and will continue to damage Paxar unless enjoined by this Court; wherefore Paxar is without an adequate remedy at law.

## CLAIM X
## INFRINGEMENT OF U.S. PATENT NO. 6,805,183

88. Plaintiff Paxar realleges and incorporates herein by reference the allegations set forth in paragraphs 1-14.

89. On October 19, 2004, United States Patent No. 6,805,183 (the "'183 patent"), a copy of which is attached hereto as Exhibit I, was duly and legally issued in the name of Brent E. Goodwin, Thomas P. Keller, James A. Makley, and Mark W. Moore. Plaintiff Paxar is the owner, by assignment, of the '183 patent, with the right to bring actions for infringement.

90. Defendants have infringed and continue to infringe one or more claims of Plaintiff Paxar's '183 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering for sale label printers covered by that patent including but not limited to printers designated TR 220 "Integrated, Scan-and-Print Mobile Printer" "for one-handed scanning and printing" and printers designated QL 220, QL 320, and QL 420, without authority or license from Plaintiff Paxar. Upon information and belief, Defendants will continue to infringe the '183 patent unless enjoined by this Court.

91. Plaintiff Paxar has been damaged by Defendants' infringement of the '183 patent and will suffer additional and irreparable damage unless this Court enjoins Defendants, under 35 U.S.C. §283, from continuing their infringement of Paxar's '183 patent.

92. Plaintiff Paxar has no adequate remedy at law for Defendants' infringement of the '183 patent.

-19-

93.     Upon information and belief, Defendants' infringement of the '183 patent has been deliberate and willful, and with knowledge of Plaintiff Paxar's '183 patent, entitling Plaintiff Paxar to assessment of treble damages against Defendants under 35 U.S.C. §284, and making this an exceptional case entitling Plaintiff Paxar to, *inter alia*, an award of attorneys' fees under 35 U.S.C. §285.

## RELIEF

WHEREFORE, Plaintiff Paxar requests judgment against Defendants and respectfully prays that this Court enter orders which:

(a)     Preliminarily and permanently enjoin Defendants and their officers, agents, employees and all others acting in concert or participation with it from further acts of infringement, contributory infringement, and inducement of infringement of Plaintiff Paxar's United States Patent Nos. 5,483,624, 5,594,838, 5,805,779, 6,163,538, 6,712,112, 5,833,800, 6,386,775, 6,533,476 and 6,805,183;

(b)     Provide for an accounting of profits or damages to be assessed by or under the Court's direction, and award to Plaintiff Paxar the damages it has incurred by reason of Defendants' acts of patent infringement, together with pre- and post-judgment interest as allowed by law;

(c)     Award to Plaintiff Paxar three times the damages it has incurred, by reason of the willful and deliberate nature of Defendants' acts of patent infringement;

(d)     Award to Plaintiff Paxar its costs and expenses of this action as allowed by law, together with its reasonable attorneys' fees for bringing and prosecuting this action;

-20-

(e)     Preliminarily and permanently enjoin Defendants from using the trademark PAX and any confusingly similar trademark in the packaging, advertising, promotion, distribution and/or sale of printers and supplies not manufactured or authorized by Plaintiff; and

(f)     Award to Plaintiff Paxar such other and further relief that the Court may deem just and proper.

### JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Paxar demands a trial by jury on all issues so triable.

Date: March 31, 2005

/s/ Michael W. Krumholtz
_____
David C. Greer, Esq.
Michael W. Krumholtz, Esq.
BIESER, GREER & LANDIS
400 National City Center
6 North Main Street
Dayton, OH 45402

Jean D. Kuelper, Esq.
James M. Hafertepe, Esq.
Sandra A. Frantzen, Esq.
McANDREWS, HELD AND MALLOY
500 West Madison Street
34th Floor
Chicago, Illinois 60661
(312) 775-8000

**ATTORNEYS FOR PLAINTIFF
PAXAR AMERICAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of **FIRST AMENDED COMPLAINT** has been electronically filed with the U.S. District Court and served by First Class Mail, postage prepaid, upon the following this 31ST day of March, 2005:

> Douglas J. Kline, Esq.
> David Goldstone, Esq.
> Goodwin Procter, LLP
> Exchange Place
> 53 State Street
> Boston, MA 02110
>
> Lawrence E. Barbiere, Esq.
> Schroeder, Maundrell, Barbiere & Powers
> 11935 Mason Road
> Cincinnati, OH 45249
>
> ATTORNEYS FOR DEFENDANT

 /s/ Michael Krumholtz