# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PAXAR AMERICAS, INC.,
:
    Plaintiff,                                 Case No. 3:03-cv-142

:       District Judge Walter Herbert Rice
   -vs-                                Chief Magistrate Judge Michael R. Merz

ZEBRA TECHNOLOGIES
   CORP., et al.,
:
    Defendants.

---

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION FOR SANCTIONS

---

This case is before the Court on Plaintiff's Motion for Sanctions Against Defendants for Failure to Timely Disclose Evidence (Doc. No. 138) which Defendants oppose (Doc. No. 154) and as to which Plaintiff has filed a Reply in Support (Doc. No. 161).

Plaintiff seeks exclusion of Patrick Kennedy as a witness on the so-called Swedot prior art, striking of Zebra's supplemental interrogatory responses, and preclusion of Zebra from relying on any evidence disclosed for the first time in those responses.

Having reviewed the motion papers, the Court is not persuaded that Zebra's conduct with respect to Mr. Kennedy merits the extreme sanction of preclusion. *See K. M. C. Co., Inc., v. Irving Trust Co.*, 757 F. 2d 752 (6th Cir. 1985). The record demonstrates a great deal of last minute (i.e., just before the close of fact discovery) activity by all parties in the case. While Paxar has shown that the disclosure of Patrick Kennedy occurred later than might reasonably have been expected, it has not demonstrated prejudice from the late disclosure. It had sufficient access to Mr. Kennedy's

1

documents to depose him when Zebra did and it has not sought to take additional discovery from him.

Perhaps most importantly, the parties themselves stipulated in April, 2004 that the identification of lay witnesses be extended to and including May 1, 2005 (Doc. No. 39).  The deadline for identification of lay witnesses is this Court's principal tool for ensuring that lay witnesses are available for discovery within the time limits set for discovery. General Order No. 1 provides:

> The purpose of this filing of witness lists is to permit timely completion of discovery.  Supplementation of the lists after timely filing shall be only upon motion and for good cause shown, i.e., that the identity of the witness and/or the need for the witness's testimony could not have been previously determined upon the exercise of due diligence by counsel. These lists are not meant to be preliminary witness lists. Rather, they are to be final lists, insofar as discovery has revealed the necessity of testimony by these witnesses. Such a supplementation may well result in a brief extension of the discovery cut-off date for the other side to conduct discovery of any newly added witness. Counsel are advised to conduct their discovery early and in timely fashion in order to make the witness lists served upon opposing counsel as exact and as final as possible, because this Court will grant leave to supplement the witness list only upon a showing of good cause.

Dayton General Order No. 1 at 6 (revision effective February 1, 2003; on Court's website.) General Order No. 1 provides for the exclusion of witnesses who have not been timely identified.  That provision implies that witnesses who are identified within the time limits provided in the Scheduling Order will not be excluded on grounds they were not timely identified.  Accordingly, that branch of the Motion seeking to exclude Mr. Kennedy is denied.

On the other hand, Zebra has not sufficiently explained its very substantial supplementation of interrogatory responses on the very last day of the discovery period.  A large supplemental response made on the last day of the discovery period inherently suspicious in terms of whether it is seasonable.

2

- Zebra notes that in some instances it was providing information with respect to newly-added patents, but Plaintiff is not complaining about the supplemental responses in that respect.

- Zebra claims that it announced on March 31, 2005, a "plan" to update its responses and Paxar never complained about the plan. However, an announcement of an intention to do an undescribed supplementation at some time in the future can scarcely be accurately described as a plan. Paxar has documented its repeated advice to Zebra that it was relying on responses already made.

- Zebra raises in its supplemental responses the defense of laches to the patent claims (or some of them) without ever having sought to amend its Answer to assert the defense and without having allowed Paxar any opportunity for discovery with respect to the defense.

- Zebra added a twenty-six page invalidity chart based on a claim that four IBM patents constitute invalidating prior art which is claims it had only "recently determined," but it fails to explain why it had waited so long to make that determination, given the age of the case.

Zebra's very summary of its argument is telling. It asserts "Paxar's efforts to strike relevant, complete, certified interrogatory responses that it received five months before trial and within the fact discovery period are unfounded." (Opposition, Doc. No. 154, at 11.) A party's obligation under Fed. R. Civ. P. 33 is to make seasonable supplementation, not supplementation "within the fact discovery period." And answers to interrogatories delivered on the last day of the discovery period are not "within" the discovery period for any useful purpose of the propounder of the interrogatories, at least as to follow up discovery. The fact that it is five months before trial is meaningless if the propounder is prevented by a pretrial order from exploring the answers further.

3

Accordingly, the second branch of the instant Motion is granted and Zebra will be precluded from relying on any evidence disclosed for the first time in its supplemental interrogatory responses served in May, 2005, except as the evidence relates to the newly-added patents.

August 31, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge